IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| APMC, INC., d/b/a A PLUS MEDICAL OF OKLAHOMA, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV-08-249-L ) |
| MICHAEL FOGARTY, Chief Executive Officer of the Oklahoma Health Care Authority; LYNN MITCHELL, M.D., State Medicaid Direct; KELLY SHROPSHIRE, Auditor for the Oklahoma Health Care Authority, sued in their official and individual capacities, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# **O R D E R**

Plaintiff, APMC, Inc., is a provider of pediatric diabetic supplies in the State of Oklahoma. From 1999 to March 2008,[1] it operated under contract with the Oklahoma Health Care Authority ("Authority") to provide durable medical equipment and medical supplies to Oklahoma Medicaid recipients. On March 7, 2008, plaintiff filed this action seeking injunctive and declaratory relief pursuant to 42 U.S.C. §

---

[1] Initially, plaintiff was notified that the contract would terminate for cause effective November 20, 2007. Complaint at ¶ 30. The termination date was later moved to December 15, 2007. Id. at ¶ 33. On December 20, 2007, however, the Oklahoma Health Care Authority sent plaintiff a letter renewing the contract for an additional three years, through January 31, 2011. Id. at ¶ 34. On January 9, 2008, plaintiff was notified that the contact had been renewed in error and would terminate on March 9, 2008. Id. at ¶ 35.

1983 for alleged violations of its constitutional[2] and federal statutory rights. Named as defendants are Michael Fogarty, the Authority's Chief Executive Officer; Lynn Mitchell, M.D., the State Medicaid Director; and Kelly Shropshire, the Authority's auditor. All defendants are sued in their official and individual capacities. In addition to the federal claims, plaintiff seeks damages for defamation, fraud, tortious interference with contract and business, tortious interference with prospective economic advantage, wrongful termination, and breach of the duty of good faith and fair dealing.

This matter is before the court on defendants' motion to dismiss plaintiff's § 1983 claims[3] for failure to state a claim. Defendants first argue that dismissal is warranted because they are entitled to qualified immunity. In addition, defendants assert plaintiff has failed to provide sufficient notice of its federal claims and plaintiff has no constitutional or statutorily protected right to contract with the Authority. Finally, defendants contend the official capacity claims against them must be dismissed because, as state officials, they are not persons within the meaning of 42 U.S.C. § 1983.

A complaint should not be dismissed for failure to state a claim unless it fails to contain sufficient factual allegations "to state a claim to relief that is plausible on

---

[2]In response to defendants' motion, plaintiff withdrew Count V of the complaint, which alleged impairment of contract in violation of Article I, § 10 of the United States Constitution. Plaintiff's Response and Brief in Opposition to Defendants' Motion to Dismiss at 11 n.2 (Doc. No. 24).

[3]Defendants do not address plaintiff's supplemental state law claims.

its face." Bell Atlantic Corp. v. Twombly, 127 S. C. 1955, 1974 (2007). In assessing whether a claim is plausible, the court must construe the complaint in the light most favorable to the plaintiff and must presume all factual allegations to be true. Id. at 1965; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

> Thus, "plausible" cannot mean "likely to be true." Rather, "plausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma *ex rel.* Dept. of Human Services, 519 F.3d 1242, 1247 (10th Cir. 2008) (citations omitted). In analyzing the sufficiency of plaintiff's § 1983 claims, the court is not limited to the four corners of the complaint, but may also consider documents referred to in the complaint. Pace v. Swerdlow, 519 F.3d 1067, 1072 (10th Cir. 2008).

Based on this standard, the court denies defendants' motion to dismiss based on qualified immunity. The defense of qualified immunity is limited to claims for money damages; it has no relevance to claims for equitable relief. Hammons v. Saffle, 348 F.3d 1250, 1257 n.1 (10th Cir. 2003); Kikumura v. Hurley, 242 F.3d 950, 962-62 (10th Cir. 2001). In this case, plaintiff has not sought monetary damages

from defendants based on the alleged violations of § 1983; rather, plaintiff seeks only declaratory and injunctive relief for those claims.[4]  Complaint at 23.

With respect to the § 1983 claims asserted against defendants Mitchell and Shropshire, the court also denies the motion to dismiss for lack of sufficient notice. Unlike the complaints at issue in Robbins and VanZandt[5], the complaint in this case – coupled with the documents referenced therein – provides "fair notice as to the basis of the claims". Robbins, 519 F.3d at 1250. The complaint alleges actions that were taken during discrete time frames, mentions Mitchell and Shropshire by name,[6] and refers to documents[7] signed by Mitchell that plaintiff claims were violative of its constitutional and statutory rights.[8]  Furthermore, unlike in VanZandt, the complaint at issue here names only three individuals – and does so by name – rather than

---

[4]Plaintiff does, however, request compensatory and punitive damages for the state law claims. Complaint at 23-24. As noted above, defendants' motion does not address those claims.

[5]VanZandt v. Oklahoma Dept. of Human Services, 276 Fed. Appx. 843 (10th Cir. 2008).

[6]*See, e.g.,* Complaint at ¶¶ 27, 32, 33, 35, 37, 42.

[7]*See, e.g.,* Complaint at ¶¶ 30, 35. Defendants attached the October 25, 2007 letter referred to in ¶ 30 as Exhibit 2 to their Motion to Dismiss. The November 21, 2007 termination letter referenced in ¶ 35 of the complaint is Exhibit 3 to defendants' Motion to Dismiss. Both documents were signed by Mitchell. Shropshire was copied on the November 29, 2007 letter notifying plaintiff that its payments were being withheld; this letter is referred to in ¶ 20 of the complaint. As these documents were referenced in the complaint, the court's consideration of them in ruling on the motion to dismiss is appropriate. *See* Utah Gospel Mission v. Salt Lake City Corp., 425 F.3d 1249, 1253-54 (10th Cir. 2005).

[8]Defendants do not contest that the statutes cited by plaintiff give rise to rights enforceable under § 1983. The court therefore assumes, without deciding, that the claims are actionable. *See* Oklahoma Chapter of the Am. Academy of Pediatrics v. Fogarty, 472 F.3d 1208, 1212 n.1 (10th Cir.), *cert. denied*, 128 S. Ct. 68 (2007); Mandy R. v. Owens, 464 F.3d 1139,1143 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 1905 (2007).

asserting claims against a group of unnamed defendants.[9]  There is thus no confusion as to whom the allegations are asserted against.  *See* Briggs v. Johnson, 274 Fed. Appx. 730, 736 (10th Cir. 2008).

The court, however, finds the § 1983 claims asserted against Fogarty are insufficient to state a claim.  The sole allegation in the complaint as to Fogarty demonstrates he is being sued solely in his capacity as the supervisor of Mitchell and Shropshire:

> Defendant Michael Fogarty ("Fogarty") is sued in his official capacity as the Chief Executive Officer of the OHCA and in his individual capacity.  As Chief Executive Officer of the OHCA, Fogarty is responsible for ensuring Oklahoma's Medicaid program complies with federal and state law and regulations.  Fogarty directly and indirectly controls, personally participated in, and is responsible for the policies and practices of the OHCA and at all relevant times has acted under color of state law.

Complaint at ¶ 3.  This allegation, however, is insufficient.  While supervisors can face liability under § 1983 for the actions of their subordinates, the law does not hold them strictly liable.  Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).  Rather,

> the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.  Yet in situations where an "'affirmative link' exists between the constitutional deprivation and either the supervisor's personal

---

[9] The Court of Appeals found the allegation against "[t]he Defendants assigned to the Sequoyah County office of DHS . . . and others in concert with them" in the VanZandt complaint to be too broad.  *See* VanZandt, 276 Fed. Appx. at 848-49.

5

> participation, his exercise of control or direction, or his failure to supervise," the supervisor may be personally liable.

Id.  Other than the conclusory allegation that Fogarty "personally participated in . . . the policies and practices of the OHCA", the complaint contains no allegations that Fogarty personally directed the actions of Mitchell and Shropshire or that he had actual knowledge of their actions and acquiesced.  *See* Johnson v. Martin, 195 F.3d 1208, 1219 (10th Cir. 1999).  Moreover, plaintiff has not alleged any policy issued by Fogarty in his capacity as Chief Executive Officer that led to the alleged violations.  The § 1983 claims against Fogarty are thus subject to dismissal without prejudice.

The court, however, denies the remainder of defendants' motion.  Their assertion that plaintiff has no protected property right to contract with the Authority is based on a fundamental misunderstanding of plaintiff's due process claim.  Plaintiff is not claiming it has a right to contract with the Authority; rather, it is seeking payment for Medicaid services already performed.[10]  Likewise, defendants' argument that they are not "persons" within the meaning of § 1983 when sued in their official capacity is contrary to law.  In support of this argument, defendants cite Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).  In that case, however, the Court clarified "[o]f course a state official in her or her official capacity, when sued for

---

[10]Defendants' citation of Geriatrics, Inc. v. Harris, 640 F.2d 262 (10th Cir.), *cert. denied*, 454 U.S. 832 (1981), is therefore inapposite.

injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State." Id. at 71 n.10. *See also* Stidham v. Peace Officer Standards & Training, 265 F.3d 1144, 1156 (10th Cir. 2001). As plaintiff seeks only equitable relief for its § 1983 claims, defendants' argument based on Will is misplaced.

For the reasons set forth above, Defendants' Motion to Dismiss (Doc. No. 18) is GRANTED with respect to plaintiff's § 1983 claims against defendant Michael Fogarty. Those claims are dismissed **without prejudice**. Pursuant to plaintiff's request, Count V of the complaint is stricken. In all other respects, Defendants' Motion to Dismiss is DENIED.

It is so ordered this 12th day of September, 2008.

*[signature: Tim Leonard]*
TIM LEONARD
United States District Judge