IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

APMC, INC., d/b/a A PLUS          )
MEDICAL OF OKLAHOMA,             )
                                 )
          Plaintiff,             )
                                 )
v.                               )        No. CIV-08-249-L
                                 )
MICHAEL FOGARTY, Chief           )
Executive Officer of the Oklahoma )
Health Care Authority; LYNN      )
MITCHELL, M.D., State Medicaid   )
Direct; KELLY SHROPSHIRE,        )
Auditor for the Oklahoma Health  )
Care Authority, sued in their official )
and individual capacities,       )
                                 )
          Defendants.            )

## O R D E R

On March 7, 2008, plaintiff filed this action seeking injunctive and declaratory relief pursuant to 42 U.S.C. § 1983 for alleged violations of its constitutional and federal statutory rights.  The complaint named three defendants in both their official and individual capacities:  Michael Fogarty, Chief Executive Officer of the Oklahoma Health Care Authority; Lynn Mitchell, M.D., the State Medicaid Director; and Kelly Shropshire, the Authority's auditor.  In addition to the federal claims, plaintiff sought damages based on state law claims of defamation, fraud, tortious interference with contract and business, tortious interference with prospective economic advantage, wrongful termination, and breach of the duty of good faith and fair dealing.

Defendants moved to dismiss the federal claims on the grounds that they were entitled to qualified immunity, plaintiff failed to provide sufficient notice of its federal claims, plaintiff did not have a protected property right, and defendants were not persons within the meaning of 42 U.S.C. § 1983.  On September 12, 2008, the court issued an order granting in part and denying in part the motion to dismiss. Specifically, the court found defendants could not assert qualified immunity because plaintiff did not seek damages from them in their individual capacities for the alleged violations of § 1983.  Order at 3-4 (Doc. No. 44).  The court determined that plaintiff's complaint provided sufficient notice to defendants Mitchell and Shropshire, but did not do so with respect to Fogarty.  Id. at 4-5.  The court therefore dismissed this action without prejudice as to Fogarty.  Finally, the court concluded defendants' due process argument was based on a misreading of plaintiff's claims, and their argument based on Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989), was misplaced.  Order at 6-7.

Defendants Mitchell and Shropshire appealed the court's denial of their request for qualified immunity on September 19, 2008.  (Doc. No. 48).  That same date, they filed a Motion to Stay of [sic] Proceedings.  (Doc. No. 47).  Defendants have the burden to establish a stay is warranted.  To meet this burden they must demonstrate the following:  (1) they have a strong position on the merits of the appeal; (2) they will suffer irreparable injury if the stay is denied; (3) a stay will not substantially harm plaintiff; and (4) it is in the public interest to stay the proceedings.

<u>Securities Investor Protection Corp. v. Blinder, Robinson & Co., Inc.</u>, 962 F.2d 960, 968 (10th Cir. 1992); <u>Battle v. Anderson</u>, 564 F.2d 388, 397 (10th Cir. 1977). Defendants have made no attempt to address any of the factors enunciated above. This failure alone is sufficient reason to deny their request for a stay.  In addition, however, the court finds a stay is not warranted because the court's qualified immunity ruling was based on the inapplicability of that defense to this action.  An appeal will not change that fact.  The Motion to Stay of [sic] Proceedings (Doc. No. 47) is therefore DENIED.

It is so ordered this 24th day of September, 2008.

_Tim Leonard_

TIM LEONARD
United States District Judge